Mary CARTER, Appellant–Defendant,

v.

Tracy JONES and Monty Jones, Appellees–Plaintiffs.

No. 48A04–0011–CV–466.

Court of Appeals of Indiana.

Nov. 5, 2001.

Jeffrey D. Hawkins, Rebecca J. Maas, Smith, Fisher, Maas & Bishop, Indianapolis, Indiana, Attorneys for Appellant.

---

Patrick R. Ragains, Smith & Ragains, Anderson, Indiana, Attorney for Appellees.

## OPINION ON REHEARING

BAILEY, Judge.

We grant Defendant Appellant Mary Carter's Petition for Rehearing, filed on August 15, 2001, for the limited purpose of clarifying our opinion in this case, which we handed down on July 17, 2001. In particular, we address some confusion that may have arisen as a result of a footnote suggesting that since the trial court's October 3, 2000 order granting Plaintiffs–Appellees Tracy and Monty Jones' Motion to Correct Error and for Additur was a nullity, the trial court was required to enter judgment on the jury's June 15, 2000 verdict. Although this Court was not provided with a copy of the trial court's judgment, it appears from close scrutiny of the court's chronological case summary that the court entered judgment on the jury's verdict on the day it was received. Therefore, given the ineffectiveness of the trial court's October 3, 2000 order, the court's June 15, 2000 judgment remains in effect.

This brings us to Carter's request that we enforce her Motion to Enforce Qualified Settlement Offer, filed with the trial court on July 5, 2000. Pursuant to Indiana Code Section 34–50–1–6(c), this motion was filed in a timely manner. There is no indication in the record, however, that the trial court ever ruled on this motion. Since the trial court does not appear to have ruled on the motion, and because we have determined that we lack jurisdiction over Carter's appeal, we are not in a position to address the issue. The motion apparently remains pending, and a request for a ruling on that motion is properly directed to the trial court.

In all other respects, Carter's Petition for Rehearing is denied.

BAKER, J., and MATHIAS, J., concur.